Kimberly Bell Whidden
32 Louisiane Dr.
Mobile, Alabama 36606
(251) 422-1057
kimb_10@yahoo.com

July 19, 2016

United States District Court
Southern District of Alabama
ATTN: Mr. Charles R. Diard, Jr.,
Clerk of Court
113 St. Joseph St.
Mobile, AL 36602

**RE: Kimberly Leona Bell Whidden**
**Notification pursuant to U.S. District Court for the Southern District of Alabama Local Rule 83.4(e)(1)**

Dear Mr. Diard:

Please accept this letter as my notice to this Honorable Court, as required by Local Rule 83.4(e)(1) of my recent 60-day suspension from the practice of law by the Alabama State Bar, noted by the Alabama Supreme Court.

I was suspended effective April 21, 2016, for 60 days due to my failure to ask permission from the Alabama State Bar to practice law on a limited basis after being placed on disability inactive status. I am attaching my Conditional Guilty Plea ("Plea"), which I filed with the Disciplinary Board on April 18, 2016, as Exhibit A. In my Plea, I explain my failure to request permission from the Alabama State Bar and the nature of work I performed after being placed on disability inactive status, i.e., secretarial and paralegal work. On April 21, 2016, the Disciplinary Board issued an Order on my Conditional Guilty Plea, attached as Exhibit B, suspending me from the practice of law for 60 days; requiring that I comply with all provisions of Rule 26, Alabama Disciplinary Procedure[1]; and taxing me with all costs of the proceedings.

[1] Rule 26(d) of the Alabama Rules of Disciplinary Procedure requires filing an Affidavit declaring that I fully complied with the Disciplinary Board's Order, stating in which courts I am admitted to practice, and affirming that I served a copy of the Affidavit on the General Counsel for the State Bar. This Affidavit is attached as Exhibit C. .

As of today's date, I have paid all costs associated with the proceedings referenced herein (I mailed my last check for the remaining amounts due to the Bar today), and I have served the Affidavit referred to in the paragraph above on the Office of General Counsel and the Disciplinary Board. I am currently in good standing with the Alabama State Bar.

On another issue, please note I have changed my name with the Alabama State Bar from Kimberly L. Bell to Kimberly B. Whidden to reflect my married name. I have likewise changed my name with the local Mobile County Circuit and District Courts and will pursue the same changes with this Court upon learning of the disposition of this matter by this Court.

Please do not hesitate to contact me if you need additional information or have any questions.

Sincerely,

Kimberly Bell Whidden

Kimberly Bell Whidden

Enclosures

**BEFORE THE DISCIPLINARY COMMISSION OF THE ALABAMA STATE BAR**

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| | ) | |
| **KIMBERLY LEONA BELL** | ) | |
| | ) | **ASB No. 2011-1497** |
| **AN ATTORNEY AT LAW** | ) | |
| | ) | |
| **IN THE STATE OF ALABAMA** | ) | |

**CONDITIONAL GUILTY PLEA**

In accordance with Rule 24, Alabama Rules of Disciplinary Procedure, I, Kimberly Leona Bell, submit this conditional guilty plea in the above-referenced matter as follows:

1. In ASB No. 2011-1497, I waive the filing of formal charges and enter a plea of guilty to violating Rules 3.4(c) [Fairness to Opposing Party and Counsel] and 8.4(g) [Misconduct], Alabama Rules of Professional Conduct.

2. Specifically, my guilty plea is predicated on the following facts:

a. I admit that I requested to be transferred to Disability Inactive status in September of 2013.

b. After being transferred to disability inactive status, I attended a treatment program.

c. After being discharged from the treatment center, I returned to my law firm where I performed secretarial and other paralegal duties.

d. I admit that I failed to obtain permission of the Disciplinary Commission to work for the law firm as a paralegal or secretary.

e. As a result, I violated Rule 26(h)2, Ala. R. Disc. P.





3. Pursuant to Rule 8(b), Ala. R. Disc. P., I agree to a sixty (60) day suspension from the practice of law in the State of Alabama.

4. I understand that I must comply with all provisions of Rule 26, Alabama Rules of Disciplinary Procedure.

5. I agree to be taxed all costs of these proceedings, as provided by Rule 33, Ala. R. Disc. P., including an administrative fee of $750.00. I request that I have six months from the date of this plea to pay all fees and costs.

6. I waive my right to appeal this matter.

7. I request that my sixty (60) day suspension become effective on the date that I am reinstated to the practice of law by the Supreme Court of Alabama. I understand that the effective date of my suspension will be set by the Supreme Court of Alabama in its discretion.

Done this 18th day of April, 2016.

Kimberly Leona Bell
Respondent Attorney

Robert E. Clute Jr.
Counsel for Respondent Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Conditional Guilty Plea was served on Assistant General Counsel Jeremy W. McIntire of the Alabama State Bar, 415 Dexter Avenue, Montgomery, AL 36101 by United States mail, postage prepaid, on this the 18th day of April, 2016.

Kimberly Leona Bell
Respondent Attorney

Robert E. Clute Jr.
Counsel for Respondent Attorney




ALABAMA STATE BAR
OFFICE OF GENERAL COUNSEL

BEFORE THE DISCIPLINARY COMMISSION OF THE ALABAMA STATE BAR

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| KIMBERLY LEONA BELL | ) | |
| AN ATTORNEY AT LAW | ) | ASB No. 2011-1497 |
| IN THE STATE OF ALABAMA | ) | |

**ORDER ON CONDITIONAL GUILTY PLEA**

This matter is before the Disciplinary Commission on the respondent attorney's Conditional Guilty Plea submitted pursuant to Rule 24, Alabama Rules of Disciplinary Procedure. The Disciplinary Commission hereby accepts the respondent attorney's conditional guilty plea in the above-referenced matter on the following terms and conditions:

1. In ASB No. 2011-1497, Bell has waived the filing of formal charges and entered a plea of guilty to violating Rules 3.4(c) [Fairness to Opposing Party and Counsel] and 8.4(g) [Misconduct], Alabama Rules of Professional Conduct.

2. Specifically, Bell's guilty plea is predicated on the following facts:

a. Bell requested to be transferred to Disability Inactive status in September of 2013.

b. After being transferred to disability inactive status, Bell attended a treatment program.

c. After being discharged from the treatment center, Bell returned to her law firm where she performed secretarial and other paralegal duties.

d. Bell failed to obtain permission of the Disciplinary Commission to work for the law firm as a paralegal or secretary.

e. As a result, Bell violated Rule 26(h)2, Ala. R. Disc. P.

3. Pursuant to Rule 8(b), Ala. R. Disc. P., Bell shall be suspended for sixty (60) days from the practice of law in the State of Alabama.





4. Bell must comply with all provisions of Rule 26, Alabama Rules of Disciplinary Procedure.

5. Bell is taxed all costs of these proceedings, as provided by Rule 33, Ala. R. Disc. P., including an administrative fee of $750.00. Bell shall have six months from the date of this Order to pay all fees and costs.

6. Bell has waived her right to appeal this matter.

7. Bell has requested that the sixty (60) day suspension become effective on the date that she is reinstated to the practice of law by the Supreme Court of Alabama. The effective date of her suspension will be set by the Supreme Court of Alabama.

Done this 21st day of April, 2016.

Christina Diane Crow, Chairperson
Disciplinary Commission
Alabama State Bar
415 Dexter Avenue
Montgomery, Alabama 36104

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the following attorneys, by United States mail, postage prepaid, on this, the 21st day of April, 2016.

Robert E. Clute, Jr.
Attorney at Law
118 North Royal Street, Suite 600
Mobile, AL 36625

Kimberly Bell Whidden
32 Louisiane Drive
Mobile, Alabama 36606

Jeremy McIntire
Assistant General Counsel
P.O. Box 671
Montgomery, AL 36101

Christina Diane Crow, Chairperson
Disciplinary Commission
Alabama State Bar
415 Dexter Avenue
Montgomery, Alabama 36104






SUPREME COURT OF ALABAMA

JULIA JORDAN WELLER
CLERK

TERESA H. ALLEN
ASSISTANT CLERK

LARRY ISRAEL
CHIEF FINANCIAL OFFICER

OFFICE OF THE CLERK
300 DEXTER AVENUE
MONTGOMERY, AL 36104-3741
(334) 229-0700

June 8, 2016

Mr. J. Anthony McLain
General Counsel
Alabama State Bar
415 Dexter Avenue
Montgomery, AL 36104

Dear Mr. McLain:

RE: Kimberly Leona Bell
ASB No. 2011-1497

A notation has been entered on the Supreme Court Roll of Attorneys of those licensed to practice law in the state of Alabama that Kimberly Leona Bell is suspended from the practice of law for a period sixty (60) days, effective April 21, 2016.

Sincerely,

Julia Jordan Weller
Clerk

JJW/re



AFFIDAVIT

State of Alabama )
)
County of Mobile )

Before me, the undersigned authority, personally appeared Kimberly Bell Whidden, who being by me first duly sworn, on her oath, deposes and says as follows:

I, Kimberly Bell Whidden, in accordance with the requirements of Rule 26(d) of the Alabama Rules of Disciplinary Procedure, do hereby declare under oath the following:

(1) I have fully complied with (a) the Order of the Disciplinary Commission of the Alabama State Bar, dated April 21, 2016, and with (b) the June 8, 2016 notation of the Supreme Court of Alabama on the Roll of Attorneys, which made my suspension effective as of April 21, 2016, for a period of sixty (60) days;

(2) I am admitted to practice in the State of Alabama and in the U.S. District Court for the Northern, Middle, and Southern Districts of Alabama; and

(3) I have served a copy of this Affidavit upon the General Counsel for the Alabama Bar.

I declare that to the best of my knowledge, information, and belief, the statements contained herein are true and correct.

[signature]
KIMBERLY BELL WHIDDEN
ASB-2917-I72B
32 Louisiane Drive
Mobile, Alabama 36606

Subscribed and sworn to before me, this 3rd day of June, 2016.

[signature]

Notary Public

KIMBERLY D DARNELL
NOTARY PUBLIC
ALABAMA STATE AT LARGE




MY COMMISSION EXPIRES 01-11-2020